# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Lori Sene Sorrow,

|  |  |
|---|---|
| Plaintiff, | Case No. 1:17-cv-02908 |
| v. | Michael L. Brown |
|  | United States District Judge |
| City of Atlanta, et al., |  |
| Defendants. |  |

_____/

## OPINION & ORDER

Plaintiff Lori Sene Sorrow alleges the City of Atlanta and three of its officials targeted her in the prosecution of municipal code violations. (Dkt. 29.)  The city officials, Defendants Michael Nagy, Scott Banks, and Philip Proctor (the "Individual Defendants"), move to dismiss the claims against them. (Dkt. 56.)  The Court grants their motion.  Plaintiff seeks leave to file a third amended complaint.  (Dkt. 50.)  The Court denies that motion.

## I.    Background

Plaintiff owns a home in the Home Park Community of Atlanta. (Dkt. 29 ¶ 8.)  She claims the City of Atlanta harassed her through

unwarranted enforcement of its municipal code.  (*See, e.g.*, *id.* ¶ 22.)  This allegedly included an unlawful administrative search of her home on September 9, 2015.  (*Id.* ¶ 42.)  Plaintiff claims Defendants Scott Banks and Philip Proctor, who worked for the Bureau of Buildings, made false statements to a municipal court to obtain the warrant to search her home. (*Id.* ¶ 40.)  She claims they also wrongly executed that warrant. (*Id.* ¶ 42.)  Defendant Michael Nagy was the City's Director of the Bureau of Buildings at the time.  (*Id.* ¶ 26.)

Plaintiff initially sued only the City of Atlanta.  (Dkt. 1.)  In an amended complaint, she asserted eight counts against the City under theories of selective prosecution, malicious prosecution, failure to train, and unreasonable search and seizure.  (Dkt. 7.)  Defendant City of Atlanta moved to dismiss on December 21, 2017.  (Dkt. 8.)  Plaintiff moved to add the Individual Defendants shortly thereafter.  (Dkt. 10.) The Court granted the City of Atlanta's motion in part, dismissing Plaintiff's claims for selective prosecution, malicious prosecution, and failure to train. (Dkt. 28 at 18–28.)  The Court permitted to continue only Plaintiff's claim the City violated her Fourth Amendment rights by targeting her and harassing her, in part, by obtaining and executing the

administrative search warrant.  (*Id.* at 24–25.)  The Court also granted Plaintiff's request to add the Individual Defendants by filing a second amended complaint.  (*Id.* at 27.)

The Individual Defendants now move to dismiss the Second Amended Complaint.  (Dkt. 56.)  Plaintiff seeks to file a third amended complaint to add claims for punitive damages.  (Dkt. 50.)  The Individual Defendants oppose that motion.  (Dkt. 58.)

## II.   Motion to Dismiss (Dkt. 56)

### A.   Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Under Rule 12(b)(6), a claim will be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

When considering a motion to dismiss, the court must accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in favor of the plaintiff, the non-movant. *See Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006).  But the court need

not accept as true any legal conclusions couched as factual allegations.
*See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S.
at 555).  The court's "duty to accept the facts in the complaint as true does
not require [the court] to ignore specific factual details of the pleading in
favor of general or conclusory allegations."  *Griffin Indus., Inc. v. Irwin*,
496 F.3d 1189, 1205–06 (11th Cir. 2007).

## B.   Discussion

### 1.   Counts II through VII – Dismissed for the Reasons Already Explained

In a previous order, the Court dismissed Counts II through VII of
the First Amended Complaint as asserted against the City of Atlanta.
(*See* Dkt. 28.)  In the Second Amended Complaint, Plaintiff reasserts
those claims against the City.  She also asserts each claim (except Count
III) against the Individual Defendants.  Indeed, other than adding the
Individual Defendants' names in a handful of places, the Second
Amended Complaint includes no new factual allegations.  The Court
dismisses Counts II through VII against the City in the Second Amended
Complaint for the same reasons it dismissed them as asserted in the First
Amended Complaint.  *See Vitola v. Paramount Automated Food Servs.,*
*Inc.*, No. 08-cv-61849, 2009 WL 5214962, at *1 (S.D. Fla. Dec. 28, 2009)

(dismissing previously asserted claim in amended complaint that plaintiff reasserted in amended complaint).  The Court also dismisses those claims against the Individual Defendants for the same reasons. (*See* Dkt. 28.) Indeed, in her response brief, Plaintiff does not even challenge the Individual Defendants' assertion that the Court's prior order dismissing these claims against the City applies to the claims against them.  (*See* Dkt. 65.)

### 2. Count I – Dismissed in part as Barred by the Statute of Limitations

The Individual Defendants move to dismissed Plaintiff's only remaining substantive claim — illegal search and seizure alleged in Count I — as barred by the statute of limitations.  "Federal courts apply their forum state's statute of limitations for personal injury actions brought pursuant to 42 U.S.C. § 1983." *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003).  "The applicable statute of limitations for a § 1983 claim arising in Georgia is two years." *Presnell v. Paulding*, 454 F. App'x 763, 767 (11th Cir. 2011); *see* O.C.G.A. § 9-3-33 ("[A]ctions for injures to the person shall be brought within two years after the right of action accrues.").  The limitations period runs "from the date the facts which would support a cause of action are apparent or should be apparent to a

person with a reasonably prudent regard for his rights." *Reynolds v. Murray*, 170 F. App'x 49, 51 (11th Cir. 2006) (quotation marks and citation omitted).

Plaintiff's Fourth Amendment claim against the Individual Defendants consists of two parts: first, that the Individual Defendants lied (or omitted material information) in their affidavits for the administrative warrant and, second, that they unlawfully executed the warrant. For the first part, it is unclear when Plaintiff had access to the affidavits and thus would have known of the allegedly false statements or material omissions. If Plaintiff got the affidavits before December 21, 2015, her claim would be outside the statute of limitations. If she got them after that date, her claim would be inside the statute of limitations. As the materials before the Court do not contain this information, the Court denies the Individual Defendants' motion to dismiss Plaintiff's claim based on the alleged misrepresentations and material omissions in the warrant affidavits as barred by the statute of limitations.[1]

---

[1] The Individual Defendants would ordinarily be entitled to reassert their statute of limitations defense at summary judgment. That will not happen here as the Court dismisses Plaintiff's claim that the Individual Defendants violated her constitutional rights in obtaining and executing the warrant as barred by qualified immunity.

For the second part, Plaintiff alleges city officials wrongfully executed the administrative search warrant for her property on September 9, 2015.  The statute of limitations for that claim thus expired two years later.  Plaintiff did not move to add the Individual Defendants until December 21, 2017.  Plaintiff's Fourth Amendment claim based upon the alleged improper execution of the search warrant is outside the statute of limitations and barred.

Plaintiff says her Fourth Amendment claim against the Individual Defendants arising from the search relates back to when she filed her original complaint on August 2, 2017.  Since the Court finds the statute of limitations only bars her "execution" claim, the Court only considers her relation back argument as to that claim.

Under Rule 15(c)(1)(A) of the Federal Rules of Civil Procedure, "[a]n amendment to a pleading relates back to the date of the original pleading when the law that provides the applicable statute of limitations allows relation back."  Under O.C.G.A. § 9-11-5, when "the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth . . . in the original pleading," that claim relates back if the added defendant "(1) has received such notice of the institution

of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of a proper party, the action would have been brought against him."  "All of the provisions of O.C.G.A. § 9-11-15 must be satisfied before the belated claim will relate back and escape the bar of the statute of limitations." *Wallick v. Lamb*, 656 S.E.2d 164, 165 (Ga. Ct. App. 2007).

Though Plaintiff's claim against the Individual Defendants arises out of the same conduct set forth in the original complaint, Plaintiff has failed to meet either of the other relation back requirements.  First, Plaintiff has not shown the Individual Defendants had notice of the lawsuit.  She does not even allege the Individual Defendants had notice of any prior complaints. *See Presnell*, 454 F. App'x at 767 (finding claim did not relate back when the plaintiff "failed to show that either new party received notice of the institution of this action such that he would not be prejudiced").  She argues the Individual Defendants should have known she would sue them given the claims raised.  But notice of the underlying events or allegations is not enough. *See Matson v. Noble Inv. Grp. LLC*, 655 S.E.2d 275, 280 (Ga. Ct. App. 2007) ("The plain wording

8

of the statute shows that the required notice is notice of the institution of the action (i.e., notice of the lawsuit itself) and not merely notice of the incidents giving rise to such action." (quoting *McNeil v. McCollum*, 625 S.E.2d 10, 13 (Ga. Ct. App. 2005)).

Second, even if the Individual Defendants had notice of the lawsuit, Plaintiff has not shown they knew or should have known she would sue them but for a mistake about their identity.   Plaintiff identified Defendants Banks and Proctor in the original complaint and the First Amended Complaint.  (Dkts. 1 ¶ 31; 7 ¶ 38.)  She identified Defendant Nagy in the First Amended Complaint.  (Dkt. 7 ¶ 38.)  She knew who they were and what they allegedly did but asserted no claims against them.  Her decision not to sue them must have been a deliberate choice rather than a mistake.  *See Wallick*, 656 S.E.2d at 165 (finding plaintiff did not make a mistake when he knew defendant's identity and "either failed to timely appreciate that [the defendant] might be liable or deliberately delayed adding [the defendant]"); *see also Krupski v. Costa Crociere S. p. A.,* 560 U.S. 538, 549 (2010) ("We agree that making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties

9

is the antithesis of making a mistake concerning the proper party's identity.").[2]

In large part, Plaintiff does not disagree that her claims against the Individual Defendants are outside the statute of limitations or that she has not met the requirements of O.C.G.A. § 9-11-15.  Plaintiff does not argue that the Individual Defendants had notice of this lawsuit or that she would not have sued them but for a mistake about their identity.  Rather, she argues Georgia's Relation Back Statute must be read with Georgia's joinder statute, O.C.G.A. § 9-11-21.  What Plaintiff really seeks is to supplant the requirements of Georgia's relation back statute with its joinder statute.   She cites the Georgia Court of Appeals statement in *Marwede v. EQR/Lincoln Ltd. Partnership*, 643 S.E.2d 766, 768–69 (Ga. Ct. App. 2007), for example, that where a party seeks to add a new party

---

[2] Under Rule 15(c) of the Federal Rules of Civil Procedure, a plaintiff may also relate back a claim when the newly added defendants (1) "received such notice of the action that it will not be prejudiced in deciding on the merits" and (2) " knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  These requirements are much like Georgia's requirements for relating back.  For the reasons discussed above, the Court finds Plaintiff has not shown the Individual Defendants had notice of the action and should not have known an action would be asserted against them but for a mistake about their identities.

by amendment, O.C.G.A. § 9-11-15(a) "must be read *in pari materia* with O.C.G.A. § 9-11-21." (Dkt. 65 at 6.) She also cites its decision in *Morris v. Chewning*, 411 S.E.2d 891, 892 (Ga. Ct. App. 1991), to argue that, when reading these statutes together, Georgia courts analyze two factors to determine whether an amendment adding parties is barred: (1) whether the amended claim arises from the conduct, transaction, or occurrence set forth in the original complaint and (2) whether there has been prejudicial delay to the defendants. (Dkt. 65 at 7.)

Georgia law does not support her argument. First, *Marwede* instructs courts to read O.C.G.A. § 9-11-15(a) — which involves amendments to pleadings — "*in pari materia*" with O.C.G.A. § 9-11-21. *Marwede*, 643 S.E.2d at 768. The Court of Appeals never suggested Georgia's relation back statute (§ 9-11-15(c)) should be read "*in pari materia*" with the joinder statute. Second, *Morris v. Chewning* involved an amendment to add new plaintiffs, not defendants. Third, in *Wallick v. Lamb*, the Georgia Court of Appeals held that "[w]here a new party defendant is added by amendment to a pending complaint after the expiration of the applicable statute of limitation, the claim against the added defendant is barred by the expired limitation period unless all the

provisions in O.C.G.A. § 9-11-15(c) are satisfied for relation back of the added defendant to the date of the original complaint." 656 S.E.2d at 164. The Eleventh Circuit applied those requirements in *Presnell v. Paulding County*. 454 F. App'x at 767–68 ("As noted above, for an amendment seeking to add a new party, the plaintiff must show that, within the statute of limitations period, the new party had received such notice of the action that he will not be prejudiced, and that the new party knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."). The Eleventh Circuit did not apply the joinder statue to the exclusion of the relation back statute as Plaintiff seeks to do.[3]

The Court rejects Plaintiff's argument that the requirements of O.C.G.A. § 9-11-15(c) are rendered inapplicable by O.C.G.A. § 9-11-21.

---

[3] Plaintiff also cites *Dover Place Apartments v. A&M Plumbing & Heating Co.*, 307 S.E.2d 530 (Ga. Ct. App. 1983), but that case also involved the addition of a new plaintiff. 307 S.E.2d at 533. In two other cases Plaintiff cites, the plaintiffs sought to add defendants — *Bil-Jax, Inc. v. Scott,* 359 S.E.2d 362, 363 (Ga. Ct. App. 1987) and *Horne v. Carswell*, 306 S.E.2d 94, 95 (Ga. Ct. App. 1983). In both, however, the Georgia courts found the plaintiffs met the requirements of Georgia's relation back statute. Finally, her reliance on *Doby v. Bivins*, 802 S.E.2d 683 (Ga. Ct. App. 2017), is misplaced as the Georgia appellate court remanded that case in part because the trial court had not applied O.C.G.A. § 9-11-15(c). *Id.* at 686.

Since Plaintiff has not met the requirement of Georgia's relation back statute, Plaintiff's claim that the Individual Defendants violated her Fourth Amendment rights when they executed the warrant is barred by the statute of limitations.

### 3.    Count I – Qualified Immunity

In addition to their statute of limitations defense, the Individual Defendants say they are entitled to qualified immunity as to Plaintiff's Fourth Amendment claims arising from the search warrant.

"Qualified immunity shields government officials from liability for civil damages for torts committed while performing discretionary duties unless their conduct violates a clearly established statutory or constitutional right." *Gordon v. Beary*, 444 F. App'x 427, 431 (11th Cir. 2011).   "If an official establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to prove that the official's conduct violated a federal right and that the right was clearly established." *Id.*  The Individual Defendants claim, and Plaintiff does not dispute, that they were acting within their discretionary authority to investigate and enforce violations of the Atlanta building code.  (*See* Dkt. 56-1 at 13.)  "To overcome qualified immunity, the

plaintiff must satisfy a two-prong test; [she] must show that: (1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." *Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004).

In *Franks v. Delaware*, 438 U.S. 154 (1978), the Supreme Court held that a search warrant violates the Fourth Amendment if the affidavit supporting the warrant contains "deliberately falsity or . . . reckless disregard" for the truth. *Id.* at 171. But no such violation occurs "when material that is the subject of the alleged falsity or reckless disregards is set to one side, [and] there remains sufficient content in the warrant affidavit to support a finding of probable cause." *Id.* "[O]nly false statements which are necessary to the finding of probable cause will invalidate a warrant." *Elmore v. Fulton Cty. Sch. Dist.*, 605 F. App'x 906, 910 (11th Cir. 2015). The same reasoning applies to omissions from a warrant affidavit — a warrant affidavit violates the Fourth Amendment when it contains "omissions made intentionally or with reckless disregards for the accuracy of the truth" and when "the inclusion of the

omitted facts would have prevented a finding of probable cause." *Madiwale v. Savaiko*, 117 F.3d 1321, 1327 (11th Cir. 1997).[4]

So, to defeat the Individual Defendants' claim for qualified immunity, Plaintiff must show that (1) the Individual Defendants intentionally or recklessly included false information or omitted exculpatory information from the affidavit and (2) the false information included was necessary for probable cause or the excluded information would have prevented a finding of probable cause. *Smith v. Deering*, 880 F. Supp. 816, 825–26 (S.D. Ga. 1994), *aff'd*, 71 F.3d 883 (11th Cir. 1995) ("[I]n determining qualified immunity, a court should exclude any allegedly false material, add any omitted material and then determine whether the contents of the 'corrected affidavit' are 'so lacking in indicia of probable cause as to render official belief in its existence

---

[4] As explained, constitutional violation requires intentional or reckless misconduct on the part of the affiant. Negligent, innocent, or insignificant mistakes (whether assertions or omissions) by an affiant in a search warrant affidavit do not violate the Fourth Amendment. *Madiwale*, 117 F.3d at 1326 (citing Franks, 438 U.S. at 171). A plaintiff, however, is not required to present direct evidence of intentional or reckless misconduct. Instead, "when the facts omitted [or included] are clearly critical to a finding of probable cause, the fact of recklessness may be inferred from the proof of the omission [or inclusion] itself." *Id.* at 1327.

unreasonable."). "Probable cause exists when the facts and circumstances, of which the official has reasonably trustworthy information, would cause a prudent person to believe that the suspect has committed, is committing, or is about to commit an offense." *Elmore*, 605 F. App'x at 911. In assessing probable cause, a court deals with "the factual and practical considerations of everyday life on which reasonable and prudent persons, not legal technicians, act." *Id.* (quoting *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998) (revisions omitted).

Individual Defendants Banks and Proctor provided affidavits essentially alleging that, in May 2014, they conducted an "exterior inspection" of Plaintiff's house and believed there were two violation of Atlanta's municipal code: first, failure to secure approval of plans for the addition of a second story and, second, failure to obtain a building permit for the construction of a second story. (Dkt. 56-2 at 4 ¶ 1(a)–(b), 6 ¶ 1(a)–(b).) They further alleged that the violations could compromise the interior structure of the dwelling and endanger any occupants. (*Id.* at 4 ¶ 2, 6 ¶ 2.) Finally, they alleged that the violations had not been corrected as of August 25, 2015 (the date they applied for the warrant). (*Id.* at 5 ¶ 3, 7 ¶ 3.)

16

Plaintiff claims the Individual Defendants made four material errors in their affidavit to obtain the administrative warrant, specifically that they (1) "materially omitted from the complaint that a complaint had been filed in 2011 alleging that the property had an illegal second story and that City investigators had twice inspected the property in 2012 and found no violation"; (2) "improperly cited 2012 building code violations on alleged work that occurred prior to 2012"; (3) "lied to create a false sense of urgency before the Municipal Court Judge, by claiming they were acting because there were 'likely present conditions that could result in immediate danger to individuals occupying the structure' even though such statements were based upon alleged observations made at Plaintiff's home more than six months before the search warrant was sought"; and (4) "falsely contended that the alleged second story impinged upon the alley, the rights to which are in dispute between Plaintiff and 380 Properties"  (Dkt. 29 ¶ 40.)

As to Plaintiff's first criticism, the omission of information about a previous investigation of an "illegal" second story of her home, the Court concludes the addition of this information would not change the finding of probable cause for an unauthorized and unpermitted second story in

2015.[5]  In her complaint, Plaintiff alleges that the 2011/2012 event arose from a complaint by a neighbor who alleged plaintiff was adding a second story to her home when Plaintiff was, in fact, making repairs to her roof and attic.  (*Id.* ¶¶ 16–17.)  She claims a city inspector confirmed the work had not violated any building codes.  (*Id.* ¶ 17.)  Regardless of that incident, the affiants averred that, in 2015, they conducted a visual inspection of the exterior of the home and saw a second story for which no one had obtained the necessary approval and permit.  Whether there was some unauthorized work on 2011 or 2012 would not change the strength of that assertion.

As to her second criticism, the Individual Defendants did not cite any 2012 building code violations.  They cited the 2012 building code and did so regarding the alleged violations they observed in 2015.  Nothing suggests this citation was in regard to work done before 2012, let alone that the affiants knew this.  They simply conducted an exterior inspection, saw an unauthorized and unpermitted second story and cited

---

[5] Plaintiff claims the change in conditions of the house from 2012 to 2015 is a question of fact. That may be true.  But the relevant analysis is whether the warrant — with false material excluded and omitted material added — contains enough information to establish probable cause.

the municipal code in effect at the time.   This was not a misrepresentation and, even if it were, including or correcting this information would not defeat probable cause.   Third, the Court can find no false representation made to increase the urgency to the Magistrate Court.   The Individual Defendants explained that they had seen the alleged violation on May 4, 2015 — months before they sought the warrant.   They suggested no imminent collapse.   Finally, the warrant affidavits did **_not_** allege the second story impinging the alley.   The warrant did but not the affidavits.

After making the required modifications to the warrant and warrant affidavits, the Court still finds probable cause for a search of Plaintiff's home.   The allegations in the affidavits demonstrate probable cause to believe Plaintiff violated municipal code sections as they indicate the premises had an unapproved and unpermitted second story.   Even considering Plaintiff's objections, the magistrate judge had probable cause to issue the administrative search warrant.

Plaintiff also cannot show that the execution of the warrant violated her constitutional rights.   Defendants Proctor and Banks, under the direction of Defendant Nagy, executed the search warrant on

September 9, 2015, a day after the warrant expired. But a search warrant executed only a day after that warrant's expiration does not "rise to the level of a constitutional violation." *See United States v. Gerber*, 994 F.2d 1556, 1560 (11th Cir. 1993) (finding "completing a search shortly after the expiration of a search warrant does not rise to the level of a constitutional violation"); *see also United States v. Harvey*, 1:15-cr-00053, 2015 WL 9685908, at ** 14–15 (Nov. 30 2015) (finding no clear constitutional violation when search warrant executed two weeks after that warrant's expiration date). Likewise, Plaintiff's claim the Individual Defendants banged on her door when executing the warrant does not allege a constitutional violation. The Individual Defendants are entitled to qualified immunity.

Plaintiff argues the Court already decided the Individual Defendants were subject to suit in a previous order. Plaintiff claims the law-of-the-case doctrine precludes an assertion of qualified immunity here. "The law-of-the-case doctrine holds that subsequent courts will be bound by the findings of fact and conclusions of law made by the court of appeals in a prior appeal of the same case." *Culpepper v. Irwin Mortg. Corp*, 491 F.3d 1260, 1271 (11th Cir. 2007) (quotation marks and citation

omitted).  But the Individual Defendants had not been sued at the last motion to dismiss.  They thus never had the chance to raise qualified immunity.  The Court rejects Plaintiff's argument.

## III.  Motion for Leave to File Third Amended Complaint (Dkt. 50)

Plaintiff seeks permission to file a third amended complaint.  In it, Plaintiff wants to add a claim for punitive damages against the Individual Defendants.  The Court has dismissed all the claims against the Individual Defendants.  Claims for punitive damages are ancillary claims.  As a result, the motion to amend is futile.  *See Lacy v. Clayton Cty.*, No. 1:18-cv-3464, 2018 WL 4899531, at *3 (N.D. Ga. Oct. 9, 2018) ("Because the Plaintiff cannot sustain her underlying tort claims, the Plaintiff's claim for punitive damages under state law should also be dismissed.").  The Court denies Plaintiff's motion.

## IV.  Conclusion

The Court **GRANTS** Defendants Michael Nagy's, Scott Banks's, and Philip Proctor's Motion to Dismiss (Dkt. 56).  The Court **DENIES** Plaintiff Lori Sene Sorrow's Motion for Leave to File Third Amended Complaint (Dkt. 50).

**SO ORDERED** this 27th day of July, 2020.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE